Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| FIRTBANK PUERTO RICO<br><br>Recurrido<br><br><br>v.<br><br><br>JOSUÉ DAVID BALBAS MALDONADO POR SI Y COMO MIEMBRO DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON GLORIA MIRELLA RAMÍREZ FABIÁN Y OTROS<br><br>Peticionarios | KLCE202300551 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: BY2019CV03281<br><br>Sobre: Cobro de Dinero- Ordinario y otros |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece la Sra. Gloria Mirella Ramírez Fabián, en adelante Sra. Ramírez o la peticionaria, mediante recurso de *certiorari* en el que solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón. En el referido dictamen, el foro primario declaró No Ha Lugar la moción de desestimación presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

-I-

Surge de los documentos que obran en autos que Firstbank, en adelante el recurrido o Firstbank, presentó una *Demanda de Cobro de Dinero y Ejecución de*

*Hipoteca* contra el señor Josué David Balbás Maldonado y la peticionaria. Alega, en síntesis, que en virtud de lo establecido en el pagaré y en la escritura de hipoteca, aquellos adeudan $168,296.57 de principal, más intereses al tipo pactado desde el 1 de agosto de 2018 y que han realizado gestiones de cobro que han resultado infructuosas. Por tal razón, solicita que se les condene al pago solidario de las cantidades reclamadas y en su defecto, se ordene la venta en pública subasta del inmueble hipotecado.[1]

Luego de varios trámites, la Sra. Ramírez presentó una *Moción de Desestimación*. A su entender, procede la desestimación de la demanda porque falta parte indispensable, a saber, la Administración de Veteranos; porque Firstbank no ha presentado el original del pagaré o copia del mismo conforme exige la Regla 96.2(5) del Reglamento Hipotecario; porque el recurrido incumplió con los requisitos establecidos por las leyes, regulaciones, manuales y procedimientos aplicables a préstamos hipotecarios garantizados por la Administración de Veteranos; porque Firstbank incumplió con varios requisitos del ordenamiento local relacionados con la ejecución de hipotecas, específicamente el establecido por la Ley Núm. 184-2022 sobre la presentación del pagaré; y porque las cantidades reclamadas no son líquidas y exigibles.[2]

En cumplimiento a una Orden del TPI, Firstbank presentó una *Moción Uniéndose a Representación Legal y Oposición a Moción de Desestimación*. Arguyó, en esencia, que emplazó y demandó a la peticionaria, titular

---

[1] Apéndice de la peticionaria, págs. 2-4.
[2] *Id.,* págs. 191-195.

inscrito del inmueble hipotecado, que conjuntamente con Firstbank son las únicas partes indispensables en el presente pleito; que conforme al ordenamiento hipotecario vigente presentó copia del pagaré y el TPI no le ha solicitado que presentara el original; que obran en el expediente los documentos requeridos por la Ley Hipotecaria en los trámites de ejecución de hipoteca, tales como la copia del pagaré, la certificación registral y la copia de la Declaración Jurada que acredita el monto de la deuda; y que las cantidades reclamadas son líquidas.[3]

En dicho contexto procesal, el TPI acogió los planteamientos del recurrido y declaró No Ha Lugar la *Moción de Desestimación*.[4]

Insatisfecha con dicha determinación, la peticionaria presentó una *Moción de Reconsideración*. Alegó que procedía reconsiderar la determinación y desestimar la demanda porque, contrario a nuestro ordenamiento probatorio, el TPI no le impuso a Firstbank, parte demandante, el peso de probar el cumplimiento de las condiciones precedentes establecidas en las leyes federales. Además, la Administración de Veteranos es parte indispensable en el pleito de epígrafe porque, entre otras cosas, tiene interés en el bien inmueble hipotecado, como garantizador de la deuda, y puede conceder a la peticionaria remedios dirigidos a mitigar los efectos del incumplimiento del préstamo. Finalmente, en su opinión, el recurrido carece de legitimación activa porque, contrario a la Regla 96.5 del Reglamento Hipotecario, no ha incluido con la

---

[3] *Id.,* págs. 205-213.
[4] *Id.,* pág. 217.

demanda una copia del pagaré en que alegue que es un instrumento negociable o no ha exhibido el original a instancias del foro adjudicador.[5]

A solicitud del TPI, Firstbank presentó una *Réplica a Moción de Reconsideración*. En síntesis, reiteró los argumentos presentados en el escrito de oposición a la desestimación original. Así pues, enfatizó que la demanda cumple con todos los requisitos exigidos por nuestro ordenamiento hipotecario para tramitar una causa de acción de cobro de dinero y ejecución de hipoteca. Además, debido a la incomparecencia de uno de los peticionarios, el recurrido ofreció las alternativas a la ejecución que procedían bajo este supuesto, a saber, las alternativas no permanentes, es decir, aquellas que no alteran la hipoteca. Sostuvo, también, que conforme al ordenamiento procesal vigente presentó con la demanda copia del pagaré y que ni los peticionarios ni el TPI le han solicitado que presente el original. Finalmente, adujo que presentó la demanda contra las únicas partes indispensables en el pleito de epígrafe, a saber: la titular registral inscrita, que es, además, la deudora obligacional de la deuda cuyo pago se reclama y el acreedor ejecutante.[6]

Así las cosas, el TPI acogió los planteamientos de Firstbank y declaró sin lugar la moción de reconsideración.[7] Además, le concedió a la peticionaria un término de 20 días para contestar finalmente la demanda.

---

[5] *Id.,* págs. 219-230.
[6] *Id.,* págs. 237-248.
[7] *Id.,* pág. 253.

En desacuerdo con dicha determinación, la señora Ramírez presentó un Escrito de *Certiorari* en el que alega que el TPI cometió el siguiente error:

HA INCURRIDO EN ERROR Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL DEMOSTRAR UNA PARCIALIDAD INEQUÍVOCA HACIA LA PARTE DEMANDANTE (FIRSTBANK), NO SOLO AL ATRIBUIR ERRÓNEAMENTE EL *ONUS PROBANDI*, SINO TAMBIÉN AL DENEGAR DE MANERA IMPROCEDENTE LA MOCIÓN DE DESESTIMACIÓN. EL TRIBUNAL HA INTERPRETADO DE FORMA INCORRECTA LAS CONDICIONES PRECEDENTES QUE SE ENCUENTRAN ESTIPULADAS EN LAS NORMATIVAS Y REGLAMENTOS ESTATALES Y FEDERALES, Y HA CONSIDERADO DE MANERA ERRÓNEA QUE LAS OPOSICIONES PRESENTADAS POR LOS DEMANDANTES EN CUANTO A LA FALTA DE PARTE INDISPENSABLE, LA FALTA DE LEGITIMACIÓN ACTIVA Y EL INCUMPLIMIENTO DE LOS REQUISITOS PREVIOS A LA EJECUCIÓN DE HIPOTECA ESTABAN FUNDAMENTADAS CON ARGUMENTOS "CERTEROS Y CORRECTAMENTE ESBOZADOS EN DERECHO". ESTA INTERPRETACIÓN HA FAVORECIDO A LOS ARGUMENTOS INSUBSTANCIALES Y EVASIVOS DE LA PARTE DEMANDANTE, EN PERJUICIO DE LOS DERECHOS E INTERESES LEGÍTIMOS DE LA PARTE DEMANDADA, CONTRAVINIENDO DE MANERA FLAGRANTE DE LEY. ESTE ABUSO DE DISCRECIÓN JUDICIAL CONSTITUYE UNA DESVIACIÓN DE LOS ESTÁNDARES DE CONDUCTA JUDICIAL QUE GARANTIZAN LA JUSTICIA Y LA IMPARCIALIDAD EN EL PROCEDIMIENTO JUDICIAL. (SUBRAYADO EN EL ORIGINAL)

Con su escrito presentó una *Solicitud de Auxilio de Jurisdicción,* que declaramos No Ha Lugar.

Luego de revisar los escritos de las partes y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

Como cuestión de umbral la Regla 52.1 de las de Procedimiento Civil identifica aquellos incidentes procesales aptos para revisión mediante *certiorari*. En lo pertinente, dicha Regla dispone:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones

sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. [….][8]

**B.**

Ahora bien, si el recurso es revisable bajo los parámetros de la Regla 52. 1 de Procedimiento Civil, *supra*, corresponde determinar, como condición para expedir el auto de *certiorari*, si satisface al menos uno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones.[9] Veamos.

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[10] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[11]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

---

[8] 32 LPRA Ap. V, R. 52.1.
[9] 4 LPRA. Ap. XXII-B, R. 40.
[10] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[11] *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón* v. *Srio. de Justicia*, 154 DPR 79, 91 (2001).

A.   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.   Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[12]

## C.

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin la celebración de un juicio.[13] De este modo, nuestro ordenamiento jurídico dispone varios supuestos en los que una parte puede solicitar la desestimación de una acción en su contra en cualquier etapa del procedimiento.[14] Uno de estos supuestos está regulado por la Regla 10.2 de Procedimiento Civil,[15] bajo la cual un demandado puede solicitar al tribunal que desestime la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará".[16]

Las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su

---

[12] *Municipio v. JRO Construction, supra*; 4 LPRA Ap. XXII-B, R. 40.
[13] R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, San Juan, Michie de Puerto Rico, 2018, pág. 411.
[14] *Id.*, pág. 306.
[15] Regla 10.2 de Procedimiento Civil de 2009(32 LPRA Ap. V).
[16] *Sánchez v. Aut. De Los Puertos*, 153 DPR 559, 569 (2001).

contra, bajo la Regla 10.2, son: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable.[17] Al resolver una solicitud de desestimación fundamentada en la referida regla, el tribunal debe tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante.

Una moción de este tipo procede, exclusivamente, cuando "se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación".[18] Por consiguiente, el tribunal debe "considerar si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida".[19]

De modo que, quien promueve la moción de desestimación tiene que demostrar que lo expuesto en la demanda, aun dando por cierto las alegaciones allí comprendidas, no expone una reclamación válida que justifique la concesión de un remedio.[20]

**-III-**

En síntesis, la peticionaria reitera que procede desestimar la demanda por falta de parte indispensable, a saber, la Administración de Veteranos. Además, porque

---

[17] Regla 10.2(5) de Procedimiento Civil, *supra*.
[18] *Consejo de Titulares v. Gómez Estremera et al.*, 184 DPR 407, 423 (2012).
[19] *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994).
[20] *Id.*

Firstbank no cumplió con las condiciones precedentes, tanto federales como locales, necesarias para reclamar el cumplimiento de una obligación prestataria garantizada por la Administración de Veteranos. A su entender, las cantidades reclamadas por concepto de intereses, gastos, cargos por mora y honorarios de abogado no son líquidas y exigibles. A esto hay que añadir que el recurrido carece de legitimación activa para demandar, porque contrario al ordenamiento jurídico local, no ha acreditado que la copia del pagaré que obra en el expediente es copia fiel y exacta del pagaré según existía a la fecha de presentar la demanda. Finalmente, cuestiona la imparcialidad del foro recurrido al emitir la resolución impugnada.

En cambio, el recurrido alega que procede denegar la expedición del auto de *Certiorari* porque incluyó en la demanda a las únicas partes indispensables en el pleito, a saber: la peticionaria, titular inscrito del bien hipotecado y el acreedor ejecutante, Firstbank. Sostiene además, que incluyó en la demanda alegaciones precisas sobre el importe del principal, el tipo de interés y los cargos por demora, por lo cual las cantidades reclamadas son líquidas. Con relación a la Regla 96.2 del Reglamento Hipotecario, arguyó que incluyó con la demanda copia del pagaré y ni la parte peticionaria ni el TPI han requerido que se presente el original del pagaré para la inspección por todas las partes. Finalmente, argumenta que es "altamente reprobable" cuestionar la imparcialidad del TPI, sencillamente porque emitió una determinación que resulta adversa a las contenciones de los peticionarios.

Por tratarse de la denegatoria de una moción de carácter dispositivo, tenemos facultad para revisar la determinación interlocutoria impugnada.

Sin embargo, luego de examinar cuidadosamente los escritos de las partes y documentos que obran en el expediente, no encontramos ningún fundamento al amparo de la Regla 40 de nuestro Reglamento que justifique la expedición del auto solicitado.

### -IV-

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                        Lcda. Lilia M. Oquendo Solís
                    Secretaria del Tribunal de Apelaciones